# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| GREAT DANE LIMITED PARTNERSHIP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 3:08-CV-089 |
| STOUGHTON TRAILERS, LLC AND NEWCOURT, INC., | ) ) ) ) |
| Defendants. | ) ) |

## STOUGHTON TRAILERS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Stoughton Trailers, LLC ("Stoughton"), through its counsel Michael Best and Friedrich LLP, answers each numbered paragraph of the Amended Complaint of Plaintiff Great Dane Limited Partnership ("Great Dane") as follows:

1. Stoughton lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 1 and, therefore, denies the same.

2. Stoughton admits the allegations contained in Paragraph 2.

3. Stoughton admits the allegations contained in Paragraph 3.

4. Stoughton lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 4 and, therefore, denies the same.

5.  Stoughton lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 5 and, therefore, denies the same.

6.  Stoughton admits that the Amended Complaint makes allegations arising under the United States patent laws, but denies the remaining allegations of Paragraph 6.

7.  Paragraph 7 of the Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is required, however, Stoughton admits the allegations of Paragraph 7.

8.  Paragraph 8 of the Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is required, however, Stoughton admits the allegations of Paragraph 8.

9.  Stoughton does not contest that Newcourt, Inc. is joined as a Defendant in this action. Stoughton lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 9 and, therefore, denies the same.

10. Stoughton admits that copies of United States Patent Numbers 6,652,018 ("the '018 patent") and 6,923,493 ("the '493 patent") are attached as exhibits to the Amended Complaint. Stoughton lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 10 and, therefore, denies the same.

11.  Stoughton admits Exhibit A to the Amended Complaint indicates an issue date of November 25, 2003. Stoughton lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 11 and, therefore, denies the same.

12.  Stoughton lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 12 and, therefore, denies the same.

13.  Stoughton denies the allegations contained in Paragraph 13.

14.  Stoughton denies the allegations contained in Paragraph 14.

15.  Stoughton denies the allegations contained in Paragraph 15.

16.  Stoughton denies the allegations contained in Paragraph 16.

17.  Stoughton admits that Exhibit B to the Amended Complaint indicates an issue date of August 2, 2005. Stoughton lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.  Stoughton lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 18 and, therefore, denies the same.

19.  Stoughton denies the allegations contained in Paragraph 19.

20.  Stoughton denies the allegations contained in Paragraph 20.

21.  Stoughton denies the allegations contained in Paragraph 21.

22.  Stoughton denies the allegations contained in Paragraph 22.

23. Stoughton denies the allegations contained in Paragraph 23.

24. Stoughton denies the allegations contained in Paragraph 24.

25. Stoughton denies the allegations contained in Paragraph 25.

## **AFFIRMATIVE DEFENSES**

AS AND FOR AFFIRMATIVE DEFENSES in this action, Stoughton alleges and shows the Court as follows:

26. Upon information and belief, the claims of the '018 and '493 patents are invalid for failure to comply with the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., including, without limitation, 35 U.S.C. §§ 102 and 103, and for failing to meet the requirements of 35 U.S.C. § 112.

27. Stoughton has not willfully or otherwise infringed, induced infringement of, or contributorily infringed any valid claim of the '018 or '493 patents.

28. Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or unclean hands.

**WHEREFORE,** Stoughton requests that Plaintiff's Amended Complaint be dismissed with prejudice on its merits and that Stoughton be awarded its costs, including reasonable attorneys' fees, in this action.

# COUNTERCLAIM

AS AND FOR ITS COUNTERCLAIM against Great Dane Limited Partnership ("Great Dane"), Stoughton Trailers, LLC ("Stoughton") alleges as follows:

## The Parties and Jurisdiction

1. Stoughton is a Wisconsin corporation organized and existing under the laws of Wisconsin with its principal place of business at 416 South Academy Street, Stoughton, Wisconsin, 53589.

2. Upon information and belief as stated in the Amended Complaint, Great Dane is a limited partnership organized and existing under the laws of Delaware with its principal place of business at 222 North LaSalle Street, Chicago, Illinois 60601.

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Counterclaim also arises under 28 U.S.C. § 2202 and the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq.

4. Venue is proper in this district under 28 U.S.C. § 1391.

5. Upon information and belief, Great Dane claims to be the owner of United States Patent Number 6,652,018 ("the '018 patent") and United States Patent Number 6,923,493 ("the '493 patent").

## Declaration of Invalidity of the '018 Patent

6. Stoughton incorporates by reference the allegations of Paragraphs 1-5 of this Counterclaim as though fully set forth therein.

7. An actual and justiciable controversy has arisen and now exists between Stoughton and Great Dane concerning whether the '018 patent is valid. By its Amended Complaint, Great Dane has asserted that the '018 patent is valid and has asserted a purported claim alleging infringement of the '018 patent by Stoughton.

8. Stoughton has denied Great Dane's claim of infringement and has asserted that the '018 patent is invalid for failure to meet the conditions of patentability set forth in, or requirements of, one or more of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

9. Absent a declaration that the '018 patent is invalid, Great Dane will continue to wrongfully assert the '018 patent against Stoughton in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Stoughton irreparable injury and damage.

10. Because the above activities and actions have created an actual and justiciable controversy, Stoughton seeks a declaration that the '018 patent is invalid.

## Declaration of Invalidity of the '493 Patent

11. Stoughton incorporates by reference the allegations of Paragraphs 1-5 of this Counterclaim as though fully set forth therein.

12. An actual and justiciable controversy has arisen and now exists between Stoughton and Great Dane concerning whether the '493 patent is valid. By its Amended Complaint, Great Dane has asserted that the '493 patent is valid and has asserted a purported claim alleging infringement of the '493 patent by Stoughton.

13. Stoughton has denied Great Dane's claim of infringement and has asserted that the '493 patent is invalid for failure to meet the conditions of patentability set forth in, or requirements of, one or more of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

14. Absent a declaration that the '493 patent is invalid, Great Dane will continue to wrongfully assert the '493 patent against Stoughton in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Stoughton irreparable injury and damage.

15. Because the above activities and actions have created an actual and justiciable controversy, Stoughton seeks a declaration that the '493 patent is invalid.

**WHEREFORE**, Stoughton requests that the Court enter judgment for Stoughton as follows:

A. A declaration that each claim of United States Patent No. 6,652,018 is invalid;

B. A declaration that each claim of United States Patent No. 6,923,493 is invalid;

C. A dismissal of Plaintiff's Amended Complaint with prejudice;

D. A determination that this case is exceptional and that Stoughton be granted all relief entitled to it as a matter of law, including its costs and attorneys' fees under 35 U.S.C. § 285; and

E. Any further and additional relief this Court deems just and proper.

## JURY DEMAND

Stoughton requests a trial by jury of all matters so triable.

Dated this 15th day of December, 2008.

**HALL, BOOTH, SMITH & SLOVER, P.C.**

    s/ Mark Barber
_____
Mark A. Barber, Esq.
Ga. Bar No. 036875
1180 West Peachtree NW
Atlantic Center Plaza
Suite 900
Atlanta, GA 30309
(p) 404-954-5000 / (f) 404-954-5020
mbarber@hbss.net

Attorney for Defendant
Stoughton Trailers, LLC