# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **GREAT DANE LIMITED PARTNERSHIP,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STOUGHTON TRAILERS, LLC and NEWCOURT, INC.,**<br><br>**Defendants.** | Civil Case No.<br>3:08-cv-89<br><br>JURY TRIAL REQUESTED |

## DEFENDANT NEWCOURT, INC.'S ANSWER, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

In answer to Great Dane Limited Partnership's Restated Complaint for Patent Infringement dated November 20, 2008 ("the Complaint"), Defendant, Newcourt, Inc. ("Newcourt"), states as follows:

### DEFENSES

In setting forth these defenses, Newcourt does not intend to take on any burdens of proof it would not otherwise have.

U.S. Patent Nos. 6,652,018 (the '018 Patent) and 6,923,493 (the '493 Patent) are collectively referred to as the "Patents In Suit."

### First Defense

One or more of the Patents In Suit is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Second Defense

Newcourt does not infringe any valid, enforceable claim of any of the Patents In Suit. In addition, Newcourt has not directly infringed, contributed to infringement, or induced infringement of any valid, enforceable claim of the Patents In Suit, nor is Newcourt directly infringing, contributing to infringement or inducing infringement of any valid, enforceable claim of the Patents In Suit.

### Third Defense

Newcourt is informed and believes, and on that basis alleges that, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in one or more of the Patents In Suit, and by reason of the admissions and representations therein made by or on behalf of the applicant for one or more of the Patents In Suit, Great Dane Limited Partnership ("Great Dane") is estopped from construing the claims of one or more of the Patents In Suit (even if this were otherwise possible) to cover and include any acts of Newcourt.

### Fourth Defense

Great Dane's claims are barred by the doctrine of laches and/or estoppel.

### Fifth Defense

Great Dane is not entitled to injunctive relief because any injury to Great Dane is not immediate or irreparable and Great Dane has an adequate remedy at law.

### Sixth Defense

Great Dane's Complaint fails to state a claim upon which relief can be granted.

### ANSWER

In answer to the Complaint filed by Great Dane, Newcourt states as follows:

### Parties

1. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and, on that basis, denies each and every such allegation.

2. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and, on that basis, denies each and every such allegation.

3. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, on that basis, denies each and every such allegation.

4. Newcourt admits the allegations of Paragraph 4.

5. Newcourt admits the allegations of Paragraph 5.

### Jurisdiction

6. Paragraph 6 states no facts that require an admission or denial.

7. In response to Paragraph 7 of the Complaint, Newcourt admits that venue is proper in this judicial district.

8. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, on that basis, denies each and every such allegation.

9. In response to Paragraph 9 of the Complaint, Newcourt admits that this Court has personal jurisdiction over Newcourt.

**Patent Infringement**

10. In response to Paragraph 10 of the Complaint, Newcourt admits that Exhibits "A" and "B" are copies of the '018 and '493 Patents, respectively. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10, and, on that basis, denies each and every such allegation.

**The '018 Patent**

11. Newcourt denies each and every allegation of Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Newcourt admits that on its face the '018 patent is entitled "Trailer With Side Wall Having Laminate Panel." Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and, on that basis, denies each and every such allegation.

13. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and, on that basis, denies each and every such allegation.

14. Newcourt denies each and every allegation of Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, to the extent it refers to Newcourt, Newcourt denies each and every allegation of Paragraph 15. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and, on that basis, denies each and every such allegation.

16. In response to Paragraph 16 of the Complaint, to the extent it refers to Newcourt, Newcourt denies each and every allegation of Paragraph 16. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16, and, on that basis, denies each and every such allegation.

### The '493 Patent

17. Newcourt denies each and every allegation of Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Newcourt admits that on its face the '493 patent is entitled "Trailer With Side Wall Having Laminate Panel." Newcourt is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 18, and, on that basis, denies each and every such allegation.

19. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and, on that basis, denies each and every such allegation.

20. Newcourt denies each and every allegation of Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, to the extent it refers to Newcourt, Newcourt denies each and every allegation of Paragraph 21. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and, on that basis, denies each and every such allegation.

22. In response to Paragraph 22 of the Complaint, to the extent it refers to Newcourt, Newcourt denies each and every allegation of Paragraph 22. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and, on that basis, denies each and every such allegation.

**Defendants' Infringement**

23. In response to Paragraph 23 of the Complaint, to the extent it refers to Newcourt, Newcourt denies each and every allegation of Paragraph 23. Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 23, and, on that basis, denies each and every such allegation.

24. In response to Paragraph 24 of the Complaint, to the extent it refers to Newcourt, Newcourt denies each and every allegation of Paragraph 24.  Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24, and, on that basis, denies each and every such allegation.

25. In response to Paragraph 25 of the Complaint, to the extent it refers to Newcourt, Newcourt denies each and every allegation of Paragraph 25.  Newcourt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25, and, on that basis, denies each and every such allegation.

**COUNTERCLAIMS**

Newcourt , Inc. ("Newcourt") files these Counterclaims against Great Dane Limited Partnership ("Great Dane") as a matter of right.  For its counterclaims, Newcourt alleges:

**The Parties**

1. Newcourt is a corporation organized under the laws of the State of Texas, with its principal place of business at 3200 Court Street, Texarkana, Texas 75501.

2. Great Dane is a limited partnership organized under the laws of the State of Delaware, having its principal place of business at 222 N. LaSalle Street, Chicago, Illinois 60601.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because the counterclaims arise under the patent statutes of the United States.

4. This Court has personal jurisdiction over Great Dane.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**Count One:
Counterclaim for a Declaration of Non-infringement of the Patents In Suit**

6. Newcourt re-alleges its allegations as set forth in Paragraphs 1-5.

7. Based on Great Dane's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether Newcourt infringes any claims of the Patents In Suit.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Newcourt requests a declaration from the Court that Newcourt does not infringe any claim of the Patents In Suit, either directly or indirectly.

**Count Two:
Counterclaim for a Declaration the Patents In Suit are Invalid**

9. Newcourt re-alleges its allegations as set forth in Paragraphs 1-8.

10. Based on Great Dane's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the Patents In Suit.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Newcourt requests a declaration from the Court that the claims of the Patents In Suit are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Newcourt demands a trial by jury of this action, including the Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Newcourt prays for a judgment that:

A. Dismisses the Complaint with prejudice, with Great Dane taking nothing;

B. Declares that Newcourt has not directly or indirectly infringed U.S. Patent Nos. 6,652,018 and 6,923,493;

C. Declares that U.S. Patent Nos. 6,652,018 and 6,923,493 are invalid;

D. Determines this to be an exceptional case under 35 U.S.C. § 285 and awards to Newcourt its reasonable attorneys' fees and costs of suit incurred in this action; and

E. Grants to Newcourt such other and further relief as the Court may deem just and proper.

Dated this __5th__ day of February, 2009.

Respectfully submitted,

/s/ Sumner C. Rosenberg
Sumner C. Rosenberg
Georgia Bar No. 614550
rosenbergs@ballardspahr.com
Lawrence K. Nodine
Georgia Bar No. 545250
nodinel@ballardspahr.com
J. Scott Anderson
Georgia Bar No. 017266
andersons@ballardspahr.com
Jeffrey H. Brickman
Georgia Bar No. 080432
brickmanj@ballardspahr.com
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309
Telephone 678-420-9300
Fax 678-420-9301

ATTORNEYS FOR DEFENDANT,
NEWCOURT, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the fifth (5th) day of February, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the Plaintiff:

R. Trevor Carter
Baker & Daniels LLP
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204

and

David P. Irmscher
Baker & Daniels LLP
111 East Wayne, Suite 800
Fort Wayne, IN 46802

and

John M. Tatum
Hunter, Maclean, Exley & Dunn, P.C.
P.O. Box 9848
Savannah, GA 31412

/s/ Sumner C. Rosenberg
Sumner C. Rosenberg
Georgia Bar No. 614550
rosenbergs@ballardspahr.com
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309
Telephone 678-420-9300
Fax 678-420-9301

ATTORNEYS FOR DEFENDANT,
NEWCOURT, INC.