**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **GREAT DANE LIMITED PARTNERSHIP,** | * |
| **Plaintiff** | * |
| vs. | * |
| **STOUGHTON TRAILERS, LLC and NEWCOURT, INC.,** | * |
| | * |
| **Defendants** | * |
| | * |

**CASE NO. 3:08-CV-89 (CDL)**

**IMPORTANT NOTICE REGARDING ELECTRONIC FILING**

If you received this Order by mail, you are not in compliance with electronic filing policy. In order to electronically file documents with our court, you will need to register with our court by completing the electronic registration form available on our website, www.gamd.uscourts.gov (see the CM/ECF page for specific information on the electronic filing requirements).

Although an attorney may apply to the judge for permission to be excused from the electronic filing requirements, such permission will be granted sparingly, and even if it is granted, such permission will likely be withdrawn during the pendency of the case. Therefore, you should register to file electronically without further delay. The Court expects all future filings to be made electronically.

**IMPORTANT NOTICE REGARDING ELECTRONIC TRANSMISSION
OF *PROPOSED* ORDERS, INCLUDING SCHEDULING ORDERS**

Notwithstanding the foregoing, **proposed scheduling orders** must be **e-mailed** to the Clerk at athens.ecf@gamd.uscourts.gov, rather than filed electronically. All other filings shall be made electronically through the CM/ECF system. All *other proposed orders*, in addition to being electronically filed, should be e-mailed to the Clerk in Wordperfect or Word format (not scanned) unless otherwise instructed by the Court.

## RULES 16 AND 26 ORDER

**TO: COUNSEL (OR PARTIES IF UNREPRESENTED BY COUNSEL):**

Your attention is directed to Rules 16 and 26 of the Federal Rules of Civil Procedure and to this Court's local rules, a copy of which can be obtained from our clerk's office.

Rules 16(b) and 26(f) require the parties to confer, develop a proposed discovery plan, and submit a report to the presiding judge. A scheduling order must then be entered. You are

directed to confer within 30 days of the date of this order to discuss the contents and form of the Proposed Scheduling/ Discovery Order.

A joint report in the form of a single proposed scheduling order is due for this case and must be electronically transmitted to the Court via e-mail in Wordperfect or Word format at [athens.ecf@gamd.uscourts.gov](mailto:athens.ecf@gamd.uscourts.gov) no later than **March 23, 2009**. If the parties cannot agree, the proposed order shall state their differences and specify their respective positions. A party who cannot gain the cooperation of the other party in preparing the proposed order should advise the Court prior to the due date of the proposed order of the other party's failure to cooperate.

A proposed scheduling order shall include suggested time limits for Rule 16(b), items (1) through (3); the name and address of every witness to be deposed, including the proposed time, date, and place for each deposition; the estimated cost of all discovery, including attorneys fees; the name, address, and telephone number of lead counsel for each party; the date the complaint was filed and the date the complaint was answered. The proposed scheduling order may also include such other matters as the parties deem appropriate in the circumstances of the case. **Below the signatures of counsel the proposed order should include a date line and a signature line for the Court.**

It is the Court's expectation that absent good cause shown all discovery will be completed within six months after the filing of responsive pleadings or a motion staying filing of responsive pleadings. If the parties believe a greater discovery time is necessitated, state why in the proposed order and leave of Court must be obtained. No discovery request may be served unless the response to the request can be completed within the time specified by the

rules and within the discovery period.  **The parties are directed to include in the proposed scheduling order the specific date that discovery will expire.**

The parties shall be under a continuing duty to supplement all disclosures and responses in accordance with Rule 26(e).  When such supplementation is required, the supplemental responses shall be served upon the opposing party within fourteen days of learning of the information requiring the supplemental response, unless the Court otherwise extends the supplemental response period upon motion of a party.

Please note that if disclosures are not complete, including a separate listing of the name and last known address of each potential witness, then the failure to provide complete disclosure may result in the exclusion of testimony from any witness who is not properly disclosed.  It is not sufficient to disclose the identity of potential witnesses by simply describing categories of persons, such as "all of plaintiff's medical providers contained in plaintiff's medical records."  Disclosure shall be by specific name, if known or reasonably ascertainable.  If specific disclosure is not possible, an explanation as to why such disclosure is not possible shall be given.

Any party who desires to use the testimony of an expert witness will be required to designate the expert according to the following schedule, so that the expert will be identified sufficiently early in the discovery period to give the opposing party the opportunity to depose the expert.  A plaintiff desiring to use the testimony of an expert must disclose the identity of the expert within 90 days after the filing of the last answer of the defendants named in the original complaint.  A defendant desiring to use the testimony of an expert must disclose the identity of the expert within 120 days after the filing of the last answer of the defendants named

3

in the original complaint. In the event a defendant designates an expert where plaintiff has not previously designated an expert, plaintiff shall have an additional 30 days to designate a rebuttal expert witness. Any disclosure of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Rule 26(a)(2)(B). The provisions of this order concerning the identification of expert witnesses may not be changed by the Joint Scheduling/Discovery Order submitted by the parties.

All dispositive motions will be filed within 45 days of the close of discovery and will not exceed 20 pages unless otherwise ordered by the Court. Pursuant to Local Rule 7, respondent shall have 20 days and no more than 20 pages to respond to the dispositive motion and movant shall have 10 days thereafter and no more than 10 pages to file a reply. **The parties shall include in the proposed scheduling order the specific date by which dispositive motions shall be filed.**

Unless otherwise ordered by the Court, any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993) shall be filed within 30 days after the Court's ruling on the last pending motion for summary judgment. If no summary judgment motion is filed by the date that dispositive motions are due, then any *Daubert* motions shall be filed within 30 days after the due date for filing dispositive motions. If an evidentiary hearing is necessary for the resolution of a *Daubert* motion, the party requesting the hearing shall file a written request for hearing at the time of the filing of the motion or the response to the motion. The parties shall include the foregoing in their proposed scheduling order.

Requests for extension of these page limitations should rarely be made because such requests generally reflect a failure to focus upon the relevant issues in a concise and thoughtful manner. Therefore, extensions will only be granted in exceptional cases. When an extension of pages is permitted, the brief shall include a table of contents.

If technologically feasible, the Court requests that citations of authority contained in any briefs electronically filed with the Court include a hyperlink for the citation which allows the Court to click on the link in the brief and connect directly to the case cited.

Do not send courtesy copies of letters, motions, or briefs to the judge or chambers.

Local Rule 34 limits production requests to 10 per party; and Local Rule 36 limits requests for admission to 15 per party. A copy of the proposed scheduling order must be served upon each party.

The proposed scheduling order will be carefully considered and, subject to such changes as may be deemed appropriate, either adopted by the Court or discussed with counsel in person or by conference call.

**SO ORDERED,** this the 6th day of February, 2009.

                                                  /s/ Clay D. Land
                                                     CLAY D. LAND
                                              UNITED STATES DISTRICT JUDGE