**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| GREAT DANE LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-89 (CDL) |
| | ) | |
| STOUGHTON TRAILERS, LLC and NEWCOURT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

Discovery in the above-captioned action (the "Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of the plaintiffs, the defendant, or other persons, that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.");

Such secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties or other persons;

The parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of these Actions and to prevent unnecessary dissemination or disclosure of such secret, confidential, or proprietary information; and

The parties have established good cause for entry of this Protective Order;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in these Actions:

<u>Definitions</u>

1.      The term "Protected Information" shall mean any document or other tangible thing or oral testimony that contains or reveals what a party considers to be its trade secret, business confidential, or proprietary information. In designating information as "Protected Information," a party shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest. Each party shall act in good faith in designating information as "Protected Information."

2.      This Protective Order establishes two categories of Protected Information. Information in the higher category is referred to as "Outside-Counsel-Only Confidential Information." Protected Information in the lower category is referred to as "Confidential Information."

3.      The "Outside-Counsel-Only Confidential Information" designation may only be used by a producing party for customer information, current (not more than ten years old) financial or marketing information, strategic plans, information relating to research, development, testing or patenting of a party's existing and proposed future products, information relating to the processes, apparatus, or analytical techniques used by a party in its present or proposed commercial production of products, including ongoing scientific research or clinical studies for new indications, drug applications or manufacturing processes for topical formulations or topical products, and any other

791894-01

information that a party believes in good faith could be used by a competitor to harm its business. Except as otherwise provided herein, the "Outside-Counsel-Only Confidential Information" designation may not be used for information specifically relating to the patents-in-suit. This designation shall be made in good faith. Where the marking or designation of documents, testimony, pleadings, or things is authorized under this Protective Order, a legend bearing the words "Outside-Counsel-Only" shall be used in addition to the legend bearing the word "Confidential Information" for such information. Protected Information that is designated as "Outside-Counsel-Only" may be disclosed to any of the individuals identified in paragraphs 4(a), (b), (c) and (d).

4.  The term "Qualified Person" shall mean:

(a)  Plaintiffs' outside counsel, their legal assistants, and members of their support staffs.

(b)  Defendant's outside counsel, their legal assistants, and members of their support staffs.

(c)  Any independent expert who is retained by counsel in connection with the subject matter of these Actions solely for the purpose of assisting in these Actions to furnish expert services or to give expert testimony with regard to these Actions. For purposes of this Protective Order, "Independent Expert" means a person who is not an employee of a party. All such independent experts shall be instructed not to disclose the Protected Information to any person, except as may be necessary within such

person's organization to research, test, investigate or perform tasks associated solely with these Actions.

(d)     Any independent trial or jury consultant who is retained by counsel in connection with the subject matter of these Actions solely for the purpose of assisting in these Actions.

(e)     Any other person who has reviewed this Protective Order and executed the acknowledgement of its terms as described more fully in paragraph 14.

(f)     Any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the parties.

Before disclosing Protected Information to persons identified in (c) or (d) above, the party wishing to make the disclosure must follow the procedures set forth in paragraph 14 below.

Use of Protected Information

5.     Protected Information shall be used solely for the purpose of this action.

6.     Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making other use of any information that is designated as Protected Information if such information:

(a)     was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

(b)     was or becomes available to the public through no fault of a receiving party;

(c)     was or is obtained from a source not under an obligation of secrecy to the designating party; or

(d)     is exempted from the operation of this Protective Order by written consent of the designating party.

If any person disputes or challenges the designation of any information as Protected Information based upon any ground specified in subparagraphs (a) through (c), such person must follow the procedure for Challenges to Protected Information Designation found in paragraph 24 below.

Disclosure of Protected Information

7.     Protected Information shall not be made available to anyone other than a Qualified Person or the party who produced such Protected Information, except as otherwise provided in this Protective Order.

8.     A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy and counsel for such person.

9.     A document that contains or reveals Protected Information may be copied by an independent commercial copying service or otherwise processed by an independent litigation support vendor (such as for creation of a database or exhibits),

791894-01

and an exhibit based upon such a document may be prepared by an independent printer or illustrator.

10.    Protected Information may be disclosed to stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings as are necessary for the preparation and trial of this action.

11.    Protected Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Protected Information.

12.    Protected Information may be disclosed to a witness testifying under oath if (a) the witness was formerly an officer, director, or employee of the party who produced such Protected Information and (b) the Protected Information was in existence during the period of his or her service or employment.

13.    Nothing in this Protective Order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

14.    Counsel desiring to disclose Protected Information to a person according to paragraph 4(c) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.  At least five (5) business days in advance of the proposed disclosure of any Protected Information to that person, counsel shall serve that person's signed declaration and curriculum vitae or resume by facsimile on the other party.  A

party may object for cause to the proposed disclosure by serving a written objection setting forth with specificity the reasons for such objection upon each other party within five (5) business days after receiving the copy of the signed declaration.  If there is no such objection within the five-day period, the party seeking to disclose the Protected Information may do so to the extent permitted by this Protective Order.  If there is such an objection within the five-day period, and the parties in good faith are unable to resolve the issue of the intended disclosure, the objecting party may, within seven (7) business days of making such objection, seek an Order from the Court preventing such disclosure.  In the event that the objecting party seeks an Order from the Court, the objecting party shall have the burden of proving that disclosure should not be made.  If an objection is made, the proposed disclosure shall not be made until: (a) the Court decides the issue; (b) the objecting party provides written consent; or (c) the objecting party fails to seek an Order from the Court within the seven-day period after objecting. Failure to timely object to a proposed disclosure within five (5) business days of receiving a copy of a signed declaration or to timely seek an Order from the Court within seven (7) business days of an objection shall operate as a waiver of the objection.

Counsel desiring to disclose Protected Information to a person according to paragraphs 4(d) and 4(e) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.

15.     In the event that a producing party's Protected Information is sought from a receiving party by any person not a party to this litigation, by subpoena, by service with any legal process, by order or otherwise, prompt written notice shall be given to the party who produced the Protected Information.  Such notice shall include a copy of such subpoena, legal process or order and shall be provided within forty-eight hours of receipt of such subpoena, legal process or order. Any person seeking such Protected Information who takes action to enforce such subpoena or other legal process shall be apprised of this Protective Order by the party from whom the Protected Information is sought. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Protected Information covered by this Protective Order or to subject itself to penalties for non-compliance with any subpoena, legal process or order.

Identification and Marking of Protected Information

16.     Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "CONFIDENTIAL INFORMATION" or the legend "OUTSIDE-COUNSEL-ONLY CONFIDENTIAL INFORMATION" or a marking of like import. For a document, such marking shall appear on each page of the document that contains Protected Information. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order. Any Protected Information not reduced to

documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party.

17. When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Outside-Counsel-Only Confidential Information. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

18. Information disclosed at a deposition may be designated as Protected Information by that counsel for the deponent either (a) on the record at the deposition or (b) by serving a written notification on each other party within fifteen (15) days of receipt of the transcript by counsel for the designating party. Such written notification shall identify the specific pages and lines of the transcript that contain Confidential Information or Outside-Counsel-Only Confidential Information. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. All information disclosed during a deposition shall be treated as Outside-Counsel-Only Confidential Information until at least twenty (20) days after a transcript of the deposition is received by counsel for each of the parties. A deponent may review the transcript of his or her deposition at any time.

791894-01

19.     Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent.

20.     If a party designates information as Protected Information on the record at a deposition, the court reporter, to the extent possible, shall segregate into separate transcripts information designated as Protected Information from information not so designated. The page numbers of the separate transcripts shall be consecutive so as to permit the pages to be merged into a complete transcript at the time of trial or as the Court may direct.

Inadvertent Failure to Designate

21.     The inadvertent failure by a producing party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate as is reasonable to restore the confidentiality of the inadvertently disclosed information.

Inadvertent Production of Protected Documents

22.     Nothing in this Protective Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product. The parties agree that the inadvertent

791894-01

production of a document protected by the attorney-client privilege or the attorney work-product doctrine shall not create a waiver of the attorney-client privilege or work-product immunity. Should a producing party determine that a document subject to privilege or immunity from discovery has been produced inadvertently, it shall promptly bring it to the attention of the receiving party. The receiving party shall return such document (and any copies thereof) and treat the document as privileged or subject to work- product protection as of its date of designation.

23.     Nothing in the preceding paragraph shall preclude a receiving party from thereafter challenging a producing party's designation of a returned document as protected by the attorney-client privilege or the attorney work-product doctrine and seeking an order compelling the document's production.  In the event of a challenge, the receiving party shall not use the substantive content of the returned document to dispute its status as privileged or immune from production.

Challenges to Protected Information Designation

24.     A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any time with a confidentiality designation made by another party, the parties shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from the Court, and the designating party shall have the burden of proving that its confidentiality designation is

proper. The designated information shall remain Protected Information until the Court resolves the issue, or the designating party agrees in writing to remove the confidentiality designation.

Filing of Protected Information

25.     The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Protected Information.

26.     In the event that a party wishes to use any Protected Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall be enclosed in a sealed envelope or other appropriate container. The sealed envelope or other appropriate container shall:

(a)     show the caption of this action;

(b)     identify its contents; and

(c)     include the following legend:

PROTECTED INFORMATION FILED UNDER
SEAL PURSUANT TO PROTECTIVE ORDER

This envelope [or container] is sealed pursuant to court order and contains proprietary information. This envelope [or container] was filed by [name of party] and may not be opened, nor may its contents be displayed or revealed, except by court order or by written stipulation of the parties.

<u>Advice to Clients</u>

27.     Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to the Action and, in the course thereof, referring to or relying upon his or her examination of Protected Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

<u>Miscellaneous</u>

28.     No party shall be responsible to another party for any use made of information that was produced and not designated as Protected Information.

29.     Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

30.     Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order.

31.     In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

791894-01

32.     Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Protected Information.

33.     The terms of this Protective Order shall be applicable to any third party who produces information that the third party designates as Protected Information. In the event that a third party produces information pursuant to subpoena, other legal process or otherwise, that a party in good faith believes to be its Protected Information, that party may designate the documents or other tangible things produced by such third party as Protected Information pursuant to this Protective Order.

34.     Within ninety (90) days after the termination of this litigation (including any appeals), each document and each other tangible thing that contains or reveals Protected Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information shall be either (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Notwithstanding the foregoing, outside counsel for a receiving party may retain Protected Information to the extent such Protected Information is contained in counsel's work product or in any materials filed with the Court.

791894-01

35. Within ninety (90) days after the termination of this litigation (including any appeals), any Protected Information that was filed under seal with the Clerk of the Court shall be returned to the attorney of record for the filing party.

36. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

37. This Protective Order may be amended as need may arise by written agreement of the parties without prior leave of the Court.

38. The parties recognize that they, their counsel, or others covered by 37 CFR 1.56(c) and 1.555 and 1.291(a) may be obligated to fulfill concurrent duties of candor to the U.S. Patent and Trademark Office ("PTO") by disclosing information to the PTO that is material to the patentability of any application, whether in an initial examination or a reexamination proceeding. "Information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

     (i) Opposing an argument of unpatentability relied on by the Office, or

     (ii) Asserting an argument of patentability."

791894-01

37 CFR 1.56(b). This paragraph expressly includes information that would be material to patentability with regard to any applications or reexamination proceedings in which the parties or their counsel are personally involved, and is not limited to the patents at issue in this suit or related technology. If, at any time during the course of this Action, the parties or their counsel should determine that information labeled "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – PLAINTIFF'S ATTORNEYS' EYES ONLY" is material to patentability under 37 CFR 1.56(b), counsel for the party wishing to disclose the Designated Confidential Material will inform the other parties of the need to disclose the information as soon as the need for disclosure is recognized. Each party receiving notification of the need for disclosure will have 10 business days in which to object in writing to the disclosure. Counsel for the party wishing to disclose the Designated Confidential Material will then have 5 business days in which to redact as much identifying or confidential information as possible, while still preserving the information material to patentability in accordance with section 724 of the Manual of Patent Examining Procedure ("MPEP"), and present the redacted form of the document in question to the Receiving Party. Each party receiving notification of the need for disclosure will then have 5 business days in which to inform counsel for the party wishing to disclose the Designated Confidential Material of its position with respect to the disclosure, and if necessary, apply to the Court for relief.

39.     Any Designated Confidential Material submitted to the PTO must be submitted in accordance with section 724.02 of the MPEP, which articulates the proper method of submitting materials subject to a protective order, and must be accompanied by "a petition under 37 CFR 1.59 and fee therefor (37 CFR 1.17(h)) to expunge the information, if found not to be important to a reasonable examiner in deciding whether to allow the application to issue as a patent."  MPEP 724.02 (8th Ed., Rev. 1).

40.     Proper disclosure of material information to the PTO under paragraphs 1-2 of this Protective Order will not be considered a violation of any other provisions of this Protective Order.  The party wishing to disclose the Designated Confidential Material (including its attorneys, directors, officers, and other corporate representatives) will not be held in contempt of court for proper disclosure to the PTO in accordance with paragraphs 29-30 of this Protective Order.

SO ORDERED:


Dated:  June 25, 2009               S/Clay D. Land
                                            CLAY D. LAND
                                            UNITED STATES DISTRICT JUDGE


**SO AGREED AND STIPULATED:**

Respectfully submitted this 16th day of June, 2009.

BAKER & DANIELS LLP                BALLARD SPAHR ANDREWS
                                                     & INGERSOLL, LLP
By: /s/ R. Trevor Carter
        R. Trevor Carter                      By: /s/ Sumner C. Rosenberg  (w/ permission)
        *Pro Hac Vice*                              Sumner C. Rosenberg
        David M. Irmscher                      Georgia Bar No. 614550
        *Pro Hac Vice*

791894-01

300 North Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

John M. Tatum
Georgia Bar No. 69900
HUNTER, MACLEAN, EXLEY & DUNN
200 East St. Julian Street
Post Office Box 9848
Savannah, Georgia 31412
Telephone: (912) 236-0261
Fax: (912) 236-4936

*ATTORNEYS FOR PLAINTIFF*
*GREAT DANE LIMITED PARTNERSHIP*

999 Peachtree Street, Suite 1000
Atlanta, Georgia 30309
Telephone: (678) 420-9300
Fax: (678)420-9301

*ATTORNEYS FOR NEWCOURT, INC.*

HALL, BOOTH, SMITH & SLOVER, P.C.

By: /s/ Shaun M. Daugherty  (w/ permission)
  Shaun M. Daugherty
  Georgia Bar Number 205877
  Mark A. Barber
  Georgia Bar Number 036875

1180 West Peachtree NW
Atlantic Center Plaza
Suite 900
Atlanta, Georgia 30309
Telephone: (404) 954-5000
Fax: (404) 954-5020

*ATTORNEYS FOR STOUGHTON TRAILERS,*
*LLC*

791894-01

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| GREAT DANE LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case Number 3:08-cv-89 |
| STOUGHTON TRAILERS, LLC and NEWCOURT, INC., | ) ) ) | |
| Defendants. | ) | |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1.     My address is _____

_____.

2.     My present employer is _____ and the address of my present employer is _____

_____.

3.     My present occupation or job description is

_____

_____.

4.      I have received a copy of the Stipulated Protective Order in this action, which order was entered on _____.

5.      I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6.      I will comply with all of the provisions of the Stipulated Protective Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of these actions, any Protected Information that is supplied to me.

8.      I will return each document and each other tangible thing that discloses or reveals any Protected Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information to the attorney who provided such Proprietary Information to me.

9.      I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

10.     I hereby submit to the jurisdiction of the United States District Court for the Middle District of Georgia for the purpose of enforcement of the Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____          _____