# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| GREAT DANE LIMITED PARTNERSHIP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:08-CV-89 (CDL) |
| | ) |
| STOUGHTON TRAILERS, LLC and | ) |
| NEWCOURT, INC., | ) Judge Clay D. Land |
| | ) |
| Defendants. | ) |

## GREAT DANE LIMITED PARTNERSHIP'S REPLY BRIEF
## IN SUPPORT OF MOTION TO RE-OPEN CASE

The plaintiff, GREAT DANE LIMITED PARTNERSHIP, by its attorneys, submits this Reply Brief in support of its motion to re-open this case, and in support thereof states:

1. Stoughton opposes re-opening the case but offers no good reason why the case should not be re-opened.

2. Notably, the codefendant and debtor-in-bankruptcy, Newcourt, has not opposed re-opening the case. Newcourt, whose bankruptcy lead to the administrative closure of this matter, filed no response to the present motion. Newcourt, in fact, agreed, in the bankruptcy case to proceed with pretrial discovery. *See* Interim Order Granting Motion of Great Dane Limited Partnership for Limited Discovery Purposes, entered on April 20, 2010, *In re Newcourt*, No. 09-50315-BTR, a copy of which is attached as Exhibit A.

3. There are absolutely no issues in the bankruptcy court that will have any preclusive effect on the present litigation. The bankruptcy matter will result in Newcourt's reorganization or in Newcourt's dissolution. The bankruptcy court will *not* rule on any issue relevant to the present patent infringement case. The bankruptcy court will not rule on, for

example, any issue relating to whether Newcourt infringed the patents-in-suit, whether Newcourt's infringement was willful, or whether Newcourt induced Stoughton's infringement. Accordingly, there is no purpose in this Court waiting for resolution of the bankruptcy matter, as requested by Stoughton.

4. Contrary to Stoughton's assertions, there is harm in making Great Dane wait. For example:

   a. Great Dane is seeking attorney's fees under 35 U.S.C. Section 285 and Stoughton offers no reason why Great Dane should have to wait for Newcourt's bankruptcy to proceed to recover those fees from Stoughton.

   b. Great Dane has considered enforcing the patents-in-suit against at least one other infringer and would like to have a final order on claim construction to do so. The longer the present case sits in administrative closure, the longer Great Dane must wait to assert its rights against other infringers.

   c. If Great Dane recovers a judgment for attorney's fees from Newcourt, Great Dane will have to file a proof of claim in the bankruptcy court. Accordingly, the present matter should proceed while the bankruptcy case is still open.

5. Stoughton's offer not to use the "accused design" (page 1 of Stoughton's Response) or to manufacture the "accused product" (page 2) is an empty promise. Significantly, Stoughton does not stipulate that it will not *infringe* the patents-in-suit. Accordingly, Stoughton is free, under its purported offer, to use a different *design* or to manufacture a different *product*, still infringing the patents-in-suit. If Stoughton was serious, it would offer an injunction under 35 U.S.C. Section 283, commensurate in scope with the claims of the patents-in-suit as construed by this Court.

Great Dane Limited Partnership's Reply Brief
In Support Of Motion To Re-Open Case
No. 3:08-CV-89
Page 2 of 4

6.  Great Dane wants this case to proceed. Newcourt, the debtor, agrees that this case may proceed. The only objector is Stoughton, who frankly should not be considered to have any standing with respect to the matter. This Court should re-open this case and enter a new case management order.

WHEREFORE, the plaintiff, GREAT DANE LIMITED PARTNERSHIP, moves this Court to re-open this case and to enter a new scheduling order.

Respectfully submitted,

**GREAT DANE LIMITED PARTNERSHIP**


s/Timothy M. McCarthy

David J. Marr, *dmarr@trexlaw.com*
Timothy M. McCarthy, *tmccarthy@trexlaw.com*
TREXLER, BUSHNELL, GIANGIORGI,
   BLACKSTONE & MARR, LTD.
105 W. Adams, 36th Floor
Chicago, Illinois 60603
tel: (312) 704-1890
fax: (312) 704-8023

John M. Tatum, *JTatum@HunterMaclean.com*
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
P.O. Box 9848
Savannah GA 31412
tel: 912 236 0261
fax: 912 236 4936s

AN7915.DOC

# CERTIFICATE OF SERVICE

I, Timothy M. McCarthy, declare that I served the foregoing document titled **REPLY BRIEF IN SUPPORT OF MOTION TO RE-OPEN CASE** on the following counsel by email on May 10, 2010:

>Jonathan H. Margolies, *jhmargolies@michaelbest.com*
>Katherine W. Schill, *kwschill@michaelbest.com*
>Ian A.J. Pitz, *iapitz@michaelbest.com*
>MICHAEL, BEST & FRIEDRICH
>100 East Wisconsin Avenue
>Suite 3300
>Milwaukee, WI 53202-4108
>
>Shaun Michael Daugherty, sdaugherty@hbss.net
>HALL, BOOTH, SMITH & SLOVER, P.C.
>1180 W. Peachtree St., N.W.
>Atlantic Center Plaza, Ste. 900
>Atlanta GA 30309-3479
>
>Sumner C. Rosenberg, rosenbergs@ballardspahr.com
>BALLARD SPAHR ANDREWS & INGERSOLL, LLP
>999 Peachtree St., St. 1000
>Atlanta GA 30309

s/Timothy M. McCarthy